OPINION
Defendant, James Lequire, appeals from his conviction and sentence on three counts of aggravated robbery.
Between September 20, 1999 and October 1, 1999, Lequire robbed three separate pharmacies in the Dayton area, using a knife or gun each time. In each of those robberies Lequire stole Oxycontin, a pain killer. Following the third robbery on October 1, 1999, employees of the pharmacy provided police with a description of the suspect's vehicle and Lequire was apprehended shortly thereafter. When police questioned Lequire, he admitted his involvement in the three robberies.
Lequire was indicted on three counts of aggravated robbery in violation of R.C. 2911.01(A)(1). A firearm specification, R.C.2941.45, was attached to the third count. Prior to trial Lequire filed a motion to suppress the statements he made to police. Following a hearing the trial court overruled Lequire's motion to suppress, whereupon he entered a no contest plea to each of the three counts. The firearm specification was dismissed by the State. The trial court found Lequire guilty and sentenced him to three concurrent terms of five years imprisonment.
Lequire filed a timely notice of appeal to this court from his conviction and sentence. Lequire's appellate counsel filed an Andersbrief, Anders v. California (1967), 386 U.S. 738, asserting that he couldfind no meritorious issues for appellate review. We advised Lequire ofhis appellate counsel's representations and afforded him sixty days tofile a pro se brief. None has been received.
In his Anders brief, Lequire's appellate counsel identifies onepossible issue for appeal: whether the trial court erred in overrulingLequire's motion to suppress the statements he made to police. Accordingto Lequire, he was under the influence of drugs, including a largequantity of Oxycontin, at the time he gave his statements to police, andhe so testified at the suppression hearing.
An examination of this record reveals that prior to being questioned by police Lequire was fully advised of his Miranda rights, acknowledged that he understood each of those rights, and executed the rights waiver portion of the pre-interview form. The police officer who Mirandized Lequire testified that there was absolutely nothing about Lequire's demeanor which would cause him to suspect Lequire might be under the influence of alcohol or drugs. Moreover, Lequire never mentioned ingesting any alcohol or drugs.
Lequire composed a four page handwritten statement admitting his involvement in the robberies of the three pharmacies. Lequire's statement is not rambling or incoherent, and his answers were appropriate to Det. Engle's questions. Det. Engle testified that Lequire did not display any of the traits of a person under the influence of drugs or alcohol, and Lequire did not mention that he was under the influence.
On these facts, and in the absence of any evidence of coercive police conduct, the trial court correctly concluded that Lequire had knowingly, intelligently and voluntarily waived his rights, and that his statements to police were voluntary. The only evidence that Lequire was under the influence of alcohol or drugs at the time police questioned him is his own self-serving testimony at the suppression hearing. All of the other evidence demonstrates otherwise, that Lequire was not impaired at the time police questioned him.
The credibility of the witnesses who testified and the weight to be given to their testimony were matters for the trial court, sitting as the trier of facts, to decide. State v. Carter (1995), 72 Ohio St.3d 545.The trial court properly overruled Lequire's motion to suppress hisstatements. Id.
In addition to reviewing the issue raised by Lequire's appellate counsel, we have conducted an independent review of the entire record in this case. We have been unable to find any prejudicial error in the proceedings of the trial court which deprived Lequire of a fair trial. Accordingly, the judgment of the trial court will be affirmed.
BROGAN, J. and WOLFF, J., concur.